## 19861

John T. THORNTON, Appellant, v. NEW SOUTH LIFE INSUR-
ANCE COMPANY, and Retail Credit Company, of which Retail
Credit Company is, Respondent.

(207 S. E. (2d) 88)

652

*Messrs. Jefferies & Wise,* of Greenwood, *for Appellant,*

*Messrs. Burns, McDonald, Bradford, Erwin & Few,* of Greenwood, *for Respondent,*

July 16, 1974.

*Per Curiam*:

In this action by a former insurance agent against Retail Credit Company for damages for libel, based upon an allegedly false and defamatory report concerning plaintiff furnished to a prospective employer, the court granted summary judgment for defendant upon the ground that the evidence was not susceptible of an inference of malice. Plaintiff has appealed upon two grounds, contending (1) that whether the conduct of the defendant was so reckless as to be the equivalent of malice is an issue of fact under the evidence, and (2) that recovery should be allowed upon proof that defendant was negligent in its investigation and report on plaintiff's work record, which is an issue of fact under the evidence.

By the great weight of authority, a report made to a subscriber by a mercantile or credit agency, in good faith, in the regular course of its business, is privileged. The privilege is qualified and will be lost if the agency acts maliciously or in reckless disregard of its duty to exercise reasonable care to make a fair and accurate report. It is generally agreed that mere negligence in furnishing inaccurate information will not destroy the privilege. 15 Am. Jur. (2d), Collection and Credit Agencies, Sec. 23 (1964); Annot., 30 A. L. R. (2d) 776 (1953); Annot., 40 A. L. R. (3d) 1049 (1971). We adopted this rule in *Cullum v. Dun & Bradstreet, Inc.*, 228 S. C. 384, 90 S. E. (2d) 370 (1955), where the direction of a verdict for the defendant was sustained upon the ground that there was no evidence

of malice nor of negligence "so gross as to amount to malice." 228 S. C. at 390, 90 S. E. (2d) at 373.

Plaintiff has requested and been granted leave "to argue for the overruling or modification of (the *Cullum* decision) to the extent that (it) requires the proof of actual malice and not implied malice and to the extent that (it) does not allow recovery upon the proof of either simple negligence or gross negligence."

As indicated above, we do not construe the *Cullum* decision as holding that the privilege shielding a reporting agency from liability for defamation may be destroyed only by proof of actual malice in the sense of ill will toward or a design to wrongfully injure plaintiff.

We have carefully considered the depositions and affidavits, which clearly show that defendant's agent accurately reported to its contract subscriber, at the subscriber's request, information concerning plaintiff's previous employment by New South Life Insurance Company furnished to him by the appropriate officer of New South and which he had no reason to question. Except in two particulars, which we do not regard as significant, the deposition of this officer and of plaintiff's immediate supervisor at New South confirmed the derogatory information included in the report, which is disputed only by plaintiff's deposition. Without fully weighing the issue, we find it doubtful that the evidence is sufficient to raise a jury issue of negligence in the preparation and transmission of the report if that were sufficient to destroy the privilege. In this state of the record, we decline to review the *Cullum* decision which is in accord with the great weight of authority.

Affirmed.